# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7146 | **DATE** | December 23, 2010 |
| **CASE TITLE** | United States of America ex rel. Terrance Smith (2010-0727242) vs. Anita Alverez | | |

**DOCKET ENTRY TEXT**

Petitioner is to show cause within twenty-eight days of the entry of this order why his case should not be dismissed because it appears that he filed the petition after he was released from custody. Respondent is to respond within twenty-one days of petitioner's response.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Petitioner Terrance Smith brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2004 state conviction. Pending before the Court is an initial review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner was convicted of aggravated discharge of a firearm and aggravated unlawful use of a weapon, and was sentenced to thirteen and five years of imprisonment, respectively. *People v. Smith*, No. 02 CR 4031 (Circuit Court of Cook County). He alleged ineffective assistance of trial counsel, that he was wrongfully denied the ability to cross-examine a witness at trial, and that the state wrongfully withheld evidence.

In a letter to the Court submitted with the present habeas corpus petition, petitioner states that he was released from prison on April 20, 2008 and discharged from mandatory supervised release on April 20, 2010. (Dkt. No. 5). The present petition was received by the Court on November 5, 2010. (Dkt. No.1).

Petitioner states in his letter that he wishes to continue challenging his conviction despite the completion of his sentence. Petitioner is presently a detainee at the Cook County Jail, Inmate Number 2010-0727242. The Cook County Sheriff Department of Corrections Inmate Locator page for petitioner states that petitioner was booked at the jail on July 27, 2010. http://www2.cookcountysheriff.org/search/details.asp?jailnumber=2010-0727242 (last visited Dec. 21, 2010). Petitioner's inmate information cannot be located in the Illinois Department of Corrections Inmate Search website under either his IDOC Inmate Number (B41919) or by his name. Thus, it appears that petitioner was fully discharged from the convictions and sentences at issue in this petition prior to filing this action, and is in custody at the Cook County Jail on an unrelated matter.

## STATEMENT

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from person who are in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (internal quotation marks, citations and emphasis omitted); *see also Virsnieks v. Smith*, 521 F.3d 707, 717 (7th Cir. 2008). A petitioner must be in some form of custody when his petition is filed, and is considered not to be in custody "under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." *Maleng*, 490 U.S. at 490-91. It appears that petitioner was not in custody when he filed the petition. Thus, petitioner shall show cause why his case should not be dismissed.

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

In summary, petitioner is to show cause within twenty-eight days of the entry of this order why his case should not be dismissed because it appears that he filed the petition after he was released from custody. Respondent is to respond within twenty-one days of petitioner's response.